IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 18-303 |
| ROBERT REID : | |

**MEMORANDUM**

**JOYNER, J.**                                                    **May 27, 2021**

    Presently before this Court is Defendant Robert Reid's timely *pro se* Motion to Vacate, Set Aside or Correct His Sentence pursuant to 28 U.S.C. § 2255. The Government opposes the relief sought and, for the reasons discussed below, the Motion is denied.

**Background**

    Prior to this case, in August 2007, Mr. Reid was involved in an incident in which a fourteen-year-old boy was shot and almost killed. Mr. Reid stood trial for attempted murder in the Philadelphia Court of Common Pleas, but the trial ended in a mistrial and, on December 2, 2011, Mr. Reid pled guilty to aggravated assault. He was sentenced to a term of imprisonment of three to seven years and was paroled on July 29, 2013. (Gov't's Resp. in Opp'n to Def.'s Mot. under 28 U.S.C. § 2255, Doc. No. 37 at 2.)

In the present case, a federal grand jury charged Mr. Reid with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment, Doc. No. 1.) In the indictment, the government alleged that police found Mr. Reid in possession of a .40 caliber Glock handgun and ammunition on May 27, 2017. Mr. Reid plead guilty to the charge on October 16, 2018 and was sentenced to 28 months' imprisonment and three years' supervised release. (Judgment, Doc. No. 31.) Mr. Reid did not appeal.

### **Standards Governing Section 2255 Motions**

Section 2255 allows persons in custody pursuant to sentences imposed by Federal courts to seek release, where "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). While Section 2255 is comprehensive, "it does not encompass all claimed errors in conviction and sentencing, and an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 184 (1979); Diggs v. United States, 740 F.2d 239, 242–243 (3d Cir. 1984). Section 2255 allows relief when a new court decision changes the relevant law so that the "conviction and punishment were for an act that the law does not make criminal." Davis v. United States, 417 U.S. 333, 346 (1974).

A district court must only hold a hearing on a Section 2255 motion if the petitioner has alleged facts that, if proven, would entitle him to relief and that hearing is necessary to establish the truth of the allegations. Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991) (citing, Smith v. Freeman, 892 F.2d 331, 338 (3d Cir. 1989) *cert. denied*, 502 U.S. 902, 112 S. Ct. 280, 116 L. Ed.2d 232 (1991)).

## **Discussion**

Defendant permissibly seeks relief on the basis of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). In that case, the Court held that the knowledge element of the 922(g) offense requires proof that the defendant knowingly possessed a firearm and knew of his relevant felon status that made the possession illegal. Mr. Reid was indicted and plead guilty before Rehaif was decided and so the knowledge requirement was not explicitly stated in Mr. Reid's indictment or stated to or admitted to at his guilty plea. Mr. Reid asserts here that the 922(g) charge in the indictment was, therefore, insufficient because it failed to apprise him that his prior knowledge of his felon status was an element of the crime. He also claims that the failure to instruct the grand jury of that knowledge element was in error. These claims, however, were waived in Defendant's guilty plea, as non-jurisdictional issues. Washington v. Sobina, 475 F.3d 162, 165

3

(3d Cir. 2007). Further, the language of the indictment followed the language of the statute and is therefore sufficient. See, e.g., United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000).

Defendant defaulted on any claim related to his guilty plea colloquy because he did not raise it on direct appeal. Claims not raised on direct appeal or at trial generally cannot be raised on collateral review unless the defendant can show cause for the default and actual prejudice. Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998). Mr. Reid has made no showing of cause for the default. The issue was not novel and even "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley, 523 U.S. at 623.

Defendant has also failed to make a threshold showing of actual innocence. Smith v. Murray, 477 U.S. 527, 537 (1986). Actual innocence can be grounds for relief when a defendant can show that it is "more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Looking to all now available evidence, we ask whether no reasonable juror would conclude that Mr. Reid knew in May 2017 that he had previously been convicted of a crime punishable by more than one year. See Bousley, 523 U.S. at 623-24.

4

According to the undisputed presentence report adopted by this Court at sentencing, Mr. Reid sat through a mistrial for attempted murder before he ultimately pled guilty to aggravated assault in 2011. (Gov't's Resp. in Opp'n to Def.'s Mot. under 28 U.S.C. § 2255, Doc. No. 37 at 8.) He was then sentenced to three to seven years' imprisonment and was incarcerated between at least December 2, 2011 and July 2013. Mr. Reid served more than one year in prison and must have known that he had been convicted of a crime punishable by more than one year in prison, as is required by Rehaif. Mr. Reid cannot show that he was unaware of his felon status and cannot establish actual innocence.

Because it is clear from the Defendant's motion that Mr. Reid is not entitled to relief, there is no need for a hearing in this matter and we adjudicate the motion based upon the materials already of record.

## Conclusion

Mr. Reid is not entitled to relief and the Motion under Section 2255 is denied.